

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN ALLEN HESSMER, | ◊ | |
| | ◊ | |
| Petitioner, | ◊ | |
| | ◊ | |
| VS. | ◊ | No. 04-1128-T/An |
| | ◊ | |
| VIRGINIA LEWIS, | ◊ | |
| | ◊ | |
| Respondent. | ◊ | |

ORDER TO CORRECT THE DOCKET
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Petitioner John Allen Hessmer, Tennessee Department of Corrections ("TDOC") prisoner number 314971, who is currently an inmate at the Southeastern Tennessee State Regional Correctional Facility ("STSRCF")[1] in Pikeville, Tennessee, filed a petition pursuant to 28 U.S.C. § 2254 on June 7, 2004 in connection with his previous confinement at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee. Petitioner paid the habeas filing fee. The Clerk of Court shall record the respondent as STSRCF warden Virginia Lewis, and shall delete Stephen Dotson as a party to this action. The Clerk shall also modify the docket to reflect that plaintiff's address is the STSRCF.

---

[1] Although Hessmer has not advised the Court of a change of address, his current location is available from the TDOC website.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on _8-17-05_



In this petition, which Hessmer characterizes as a "habeas corpus horse of a different color," the petitioner contends that the WCF affords him insufficient access to legal materials, a typewriter, and legal-size envelopes that are necessary to enable him to litigate his various cases, including "'3' cases pending in the Sixth Circuit, one case pending in the Tn.Sup.Ct. [sic], and a pending (40) yr. charge in state criminal court." The plaintiff seeks a transfer to a TDOC facility.

As a preliminary matter, the petition appears to be moot as Hessmer has been transferred to a TDOC facility. This ground, standing alone, is sufficient to warrant dismissal of this petition. Indeed, the fact that Hessmer chose not to notify the Clerk of his new address suggests that he has abandoned the petition because he has obtained the relief sought.

Moreover, it is necessary to consider whether this claim can be brought in a petition pursuant to 28 U.S.C. § 2254 or whether it can only be raised in an action pursuant to 42 U.S.C. § 1983. Section 2254(a) provides that a federal judge

> shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

"It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). As

the Supreme Court explained:

> The original view of a habeas corpus attack upon detention under a judicial order was a limited one. The relevant inquiry was confined to determining simply whether or not the committing court had been possessed of jurisdiction. . . . But, over the years, the writ of habeas corpus evolved as a remedy available to effect discharge from any confinement contrary to the Constitution or fundamental law, even though imposed pursuant to conviction by a court of competent jurisdiction. . . . Thus, whether the petitioner's challenge to his custody is that the statute under which he stands convicted is unconstitutional . . . ; that he has been imprisoned prior to trial on account of a defective indictment against him . . . ; that he is unlawfully confined in the wrong institution . . . ; that he was denied his constitutional rights at trial . . . ; that his guilty plea was invalid . . . ; that he is being unlawfully detained by the Executive or the military . . . ; or that his parole was unlawfully revoked, causing him to be reincarcerated in prison . . . —in each case his grievance is that he is being unlawfully subjected to physical restraint, and in each case habeas corpus has been accepted as the specific instrument to obtain release from such confinement.

Id. at 485-86 (citations omitted); see also id. at 487 ("[R]ecent cases have established that habeas corpus relief is not limited to immediate release from illegal custody, but that the writ is available as well to attack future confinement and obtain future releases.").

Although there is some blurring of the lines between a habeas petition and an action pursuant to 42 U.S.C. § 1983, this case does not approach that line. As the Seventh Circuit explained:

> For most purposes, the line between the domain of collateral review and that of § 1983 is simple. State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. . . . State prisoners who want to raise a constitutional challenge to any other decision, such as a transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another

3

> statute authorizing damages or injunctions—when the decision may be challenged at all . . . . Legal rules, like physical surfaces, cause diffraction at the edges . . . , but the exceptions (like the scattering of light) may be ignored for most practical purposes. Prisoners who follow the rule stated in this paragraph rarely will go wrong; those who ignore it rarely will go right.

Moran v. Sondalle, 218 F.3d 647, 650-51 (7th Cir. 2000) (per curiam) (citations omitted); see also Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) ("Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. . . . A habeas petition, on the other hand, is the proper vehicle to seek release from custody.") (citations omitted). In this case, the petition does not challenge either the fact or the duration of Hessmer's confinement. It is, instead, limited to a challenge to the conditions under which Hessmer is being confined, and, in particular, a claim that certain restrictions imposed by his prison have restricted his access to the courts in violation of the First Amendment. This is a matter that falls squarely under the purview of 42 U.S.C. § 1983. Hessmer seeks to avoid this result in his prayer for relief, which asks for a transfer to a TDOC prison, rather than an order correcting the allegedly unconstitutional conditions at his current prison (or an award of money damages). However, habeas corpus is not the proper vehicle for demanding a transfer to another prison, or for protesting a scheduled transfer. See Pischke v. Litscher, 178 F.3d 497, 499-500 (7th Cir. 1999) (habeas corpus not the proper vehicle for a challenge by state prisoners to a transfer to a private prison).[2]

---

[2] The Seventh Circuit recognized that state prisoners may have strategic reasons for preferring habeas to § 1983:
> The Prison Litigation Reform Act, which applies to prisoners' civil suits, imposes requirements different from those of the Antiterrorism and Effective Death Penalty Act, which governs

4

Because of the vastly different procedural requirements for habeas petitions and § 1983 actions, a court confronted with a habeas petition that is properly brought under § 1983 should dismiss the petition, rather than "converting" the petition to a § 1983 action. Richmond v. Scibana, 387 F.3d 602, 606 (7th Cir. 2004); Moran, 218 F.3d at 651. Because it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," summary dismissal prior to service on the respondent is proper. Rule 4, Rules Governing § 2254 Cases. Therefore, the petition is hereby DISMISSED.

The Court must also determine whether the certificate of appealability requirement applies to this action. The statute provides:

---

> collateral attacks on confinement, making it important to classify cases correctly. . . . Prisoners may be tempted to choose one route rather than another to avoid limitations Congress adopted. For example, the filing fee for an action seeking a writ of habeas corpus is $5, while the fee to commence a case under § 1983 is $150 . . . , and the fee in a § 1983 case eventually will be collected from the prisoner's trust account under 28 U.S.C. § 1915(b) even if the prisoner cannot pay in advance. Frivolous actions count as "strikes" under § 1915(g), and a prisoner who has accumulated three strikes must as a rule prepay the fees in all future civil actions, while collateral attacks are not subject to limitation because of prior frivolous suits.

Moran, 218 F.3d at 649 (citations omitted). Apart from the significantly lower filing fee, there is some reason to believe that Hessmer has incurred sufficient "strikes," within the meaning of 28 U.S.C. § 1915(g), that he is no longer eligible to take advantage of the installment-payment provisions of 28 U.S.C. § 1915(b) in connection with § 1983 suits. See Hessmer v. Dotson, et al., No. 04-1049-T/An (W.D. Tenn. dismissed for failure to state a claim and as frivolous Sept. 13, 2004); Hessmer v. Miranda, et al., No. 3:03-cv-01197 (M.D. Tenn. dismissed for failure to state a claim Dec. 18, 2003); Hessmer v. State of Tennessee, et al., No. 3:02-cv-00520 (M.D. Tenn. dismissed for failure to state a claim May 28, 2002), aff'd, 56 Fed. Appx. 242 (6th Cir. Feb. 10, 2003); Hessmer v. Lowery, No. 3:01-cv-00332 (M.D. Tenn. dismissed for failure to state a claim Apr. 9, 2001), aff'd, 24 Fed. Appx. 492 (6th Cir. Dec. 12, 2001).

Conversely, however, Hessmer has ignored the procedural requirements applicable to petitions pursuant to 28 U.S.C. § 2254, including the requirement that state prisoners first exhaust their claims in state court, as required by 28 U.S.C. § 2254(b)(1), and the limitations on second or successive habeas petitions contained in 28 U.S.C. § 2244(b). Hessmer has previously filed § 2254 petitions. See Hessmer v. State of Tennessee, No. 3:02-cv-00726 (M.D. Tenn. filed July 29, 2002); Hessmer v. State of Tennessee, et al., No. 3:01-cv-00312 (M.D. Tenn. filed Mar. 29, 2001).

5

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>   (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997). No § 2254 petitioner may appeal without this certificate. However, as this action is not cognizable in a habeas petition, no certificate of appealability is required in order for petitioner to appeal the dismissal of this case. Moran, 218 F.3d at 650; Walker v. O'Brien, 216 F.3d 626, 637-39 (7th Cir. 2000).

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. Because these claims plainly are not cognizable in a § 2254 petition, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by the petitioner is not taken in good faith.

The final matter to be addressed is the assessment of a filing fee if petitioner files an appeal.[3] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b). The PLRA does not apply to appeals of orders

6

denying petitions pursuant to 28 U.S.C. § 2254. <u>Kincade v. Sparkman</u>, 117 F.3d 949, 951 (6th Cir. 1997); <u>see also</u> <u>Walker</u>, 216 F.3d at 634 ("cases properly brought under §§ 2241 or 2254 as habeas corpus petitions are not subject to the PLRA"). However, where, as here, a prisoner attempts to cloak an alleged civil rights violation as a habeas petition, "the district court must assess the applicable appellate filing fee . . . under the <u>McGore</u> procedures." <u>Kincade</u>, 117 F.3d at 952. Therefore, the petitioner is instructed that if he files a notice of appeal and wishes to take advantage of the installment procedures for paying the $255 appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and § 1915(a)-(b).

IT IS SO ORDERED this 15th day of August, 2005.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 1:04-CV-01128 was distributed by fax, mail, or direct printing on August 17, 2005 to the parties listed.

---

John Allen Hessmer
STSRCF-PIKEVILLE
314971
Route 4, Box 600
Pikeville, TN 37367

Honorable James Todd
US DISTRICT COURT