FILED BY _____ D.C.
05 SEP 23 PM 2:51
...V. GOULD
CLERK, US DISTRICT COURT
W/D OF TN, JACKSON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN ALLEN HESSMER, | ◊ | |
| | ◊ | |
| Petitioner, | ◊ | |
| | ◊ | |
| VS. | ◊ | No. 04-1128-T/An |
| | ◊ | |
| VIRGINIA LEWIS, | ◊ | |
| | ◊ | |
| Respondent. | ◊ | |

ORDER DENYING RULE 60(b) MOTION

Petitioner John Allen Hessmer, Tennessee Department of Corrections ("TDOC") prisoner number 314971, an inmate at the Southeastern Tennessee State Regional Correctional Facility in Pikeville, Tennessee, filed a petition pursuant to 28 U.S.C. § 2254. On August 16, 2005, the Court issued an order dismissing the petition, denying a certificate of appealability and certifying that an appeal would not be taken in good faith. Judgment was formally entered on the docket on August 19, 2005. On September 19, 2005,[1] the Clerk of Court received and filed petitioner's motion pursuant to Federal Rule of Civil Procedure 60(b), asking the Court to set aside the judgment.

Rule 60(b) provides that a final judgment or order may be set aside for the reasons enumerated in six subsections. The petitioner appears to rely upon subsection (1), which

---

[1] The motion was signed and notarized on September 14th, and the certificate of service is dated September 15th.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 09-26-05

6

provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . .

A motion under Rule 60(b)(1) is

> intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

Cacevic v. City of Hazel Park, 226 F.3d 483, 490 (6th Cir. 2000) (quoting Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999)); see also United States v. Reyes, 307 F.3d 451, 455 (6th Cir. 2002); Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989) (claim of legal error is covered by Rule 60(b)(1)).

Hessmer sought to use this habeas proceeding to obtain a transfer from the Whiteville Correctional Facility, which is operated by the Corrections Corporation of America, to a TDOC-operated facility. The Court dismissed the petition on the grounds that habeas corpus is not appropriately used for seeking a transfer or for protesting a transfer. The Court also held that the petition was moot, as the plaintiff was transferred to a TDOC facility after the petition was filed.

In his Rule 60(b) motion, the petitioner argues that the Court was incorrect in its determination that habeas corpus could not be used to obtain a transfer. In addition, petitioner attempts to persuade the Court that the case is not moot by asking for declaratory and/or injunctive relief prohibiting the TDOC from transferring him to another CCA facility.

Petitioner's arguments are without merit. He has failed to show that the Court made a substantive mistake of law or fact in its decision. Therefore, the Rule 60(b) motion is DENIED. The Court once again DENIES a certificate of appealability and CERTIFIES that an appeal by the petitioner of either the order of dismissal or this order would not be taken in good faith.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

23 September 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in case 1:04-CV-01128 was distributed by fax, mail, or direct printing on September 26, 2005 to the parties listed.

---

John Allen Hessmer
STSRCF-PIKEVILLE
314971
Route 4, Box 600
Pikeville, TN 37367

Honorable James Todd
US DISTRICT COURT